# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR MELENDEZ,<br><br>Defendant. | Case No. CR 24-0047-FMO-2<br><br>ORDER OF DETENTION<br><br>[18 U.S.C. § 3148(b), 3143(a)] |

I.

On March 10, 2025, Defendant appeared before the Court on the Petition for Violation of Pretrial Release Conditions and Order to Show Cause issued on February 28, 2025.[1] Defendant was represented by retained counsel, Laura Crawford. The government was represented by Assistant U.S. Attorney Miri Song. A detention hearing was held.

---

[1] This matter was referred to the Court on February 28, 2025. (Dkt. No. 235).

The Court has reviewed the files and records in this matter, including the Petition for violations of conditions of pretrial release, dated February 28, 2025, the recommendation, by Probation and Pretrial Services, that Defendant be detained based on his failure to abide by the conditions of release, and the arguments presented at the hearing.

The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

Based on the factors set forth in 18 U.S.C. § 3142(g), there is no longer any condition or combination of conditions of release that will assure that he defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

The Court has taken into account the allegations of defendant's noncompliance with the conditions of pretrial release, as alleged in the petition, which include his meetings with Co-Defendant Giselle Buraye on numerous occasions between December 31, 2024 and February 27, 2025 , in violation of the pretrial release condition that he not have any contact with co-defendants. The Court has also taken into account Defendant's lack of candor and honesty with Probation and Pretrial Services regarding the manner in which he has been communicating with co-defendant Buraye, including the use of a non-disclosed application on his approved digital device, and travel to an unapproved location.

Thus, the Court finds that there is _now_ a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release. The Court finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

IT IS THEREFORE ORDERED that defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

Dated: March 10, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE